GEORGE M. FLANDERS & others *vs.* ROBERT CROSS.

A. residing in another state, owned a building in Lawrence, in this state, standing, by consent, on the ground of another person. Said building was taxed to A. in Lawrence, as real estate belonging to a non-resident; but was subsequently sold by the tax-collector as personal property. *Held,* that the purchaser was liable in trespass for entering said building without A's consent.

TRESPASS for breaking and entering a building in Lawrence belonging to the plaintiffs. The case was submitted to the court of common pleas, and by appeal to this court, on an agreed statement of facts.

The plaintiffs, residing in Manchester, New Hampshire, owned a small wooden building, consisting of two distinct tenements, standing on land of the Essex Company, at Lawrence, in this county, and by their permission and consent; the plaintiffs holding the land as tenants at will.

In the spring of 1850, the assessors of Lawrence taxed said building to the plaintiff Flanders, under the head of non-resident real estate, and the same was entered on the list of assessment and valuation in the following manner : " G. M. Flanders, Manchester, N. H., Store on Turnpike, between Daniel Saunders, Jr. and John Levys, $1.47." This tax not being paid, the tax-collector of Lawrence, under a warrant in due form of law, on the 1st of February, 1851, advertised the real estate of all non-resident tax-payers, or so much' as might be necessary to pay the taxes assessed thereon, for sale at public auction, to be held March 5, 1851. In this advertisement, a copy of which was sent to the plaintiff Flanders, at Manchester, was included the building of the plaintiffs involved in this suit. Said building was not offered for sale in pursuance of said advertisement, but the same collector afterwards levied on said building as personal property, and sold the same to the defendant, Cross, at public auction, in the manner prescribed by law for the sale of personal property for taxes. No exception exists to the assessment of the tax, if said building was real estate for the purpose of taxation, and the acts of the collector were all in

conformity to the law regulating the mode of seizing and selling personal property.

The defendant, after his purchase of the building, as aforesaid, and without the plaintiffs' consent, entered and took possession of one of the tenements in said building, which was unoccupied, and made certain repairs and alterations therein. He also collected the rents of the tenant occupying the other part of the house; which acts were the trespasses complained of. It was agreed that if, upon these facts, the plaintiffs can recover, judgment is to be entered for them in the sum of five dollars and costs; otherwise a nonsuit.

*T. Wright,* for the plaintiffs.

*R. Cross,* for himself.

CUSHING, J. This action is trespass for breaking and entering a building. The counts are somewhat untechnical, but maintainable, we think.

The trespass alleged is, the entry, by defendant, upon the plaintiffs' building, under claim of right as the purchaser of the building at a collector's sale for taxes, by the collector of the town of Lawrence. The defendant denies that trespass lies in such a case, because he says, he purchased in good faith of a person authorized to sell, and because he bought of an executive officer acting in pursuance of law; or, he argues, if trespass lie in such a case, it can be so only in the conditions of the case of *Stanley* v. *Gaylord,* 1 Cush 536.

We think trespass may be maintained, without having recourse to the debated points of *Stanley* v. *Gaylord.* It is inapplicable. In that case, there was a purchase of a chattel from a party in possession : not so here. Here, the purchaser entered *in invitum* as respects the plaintiffs, under a tax sale by public authority; and the law is perfectly well settled that such an entry is tortious, unless the assessment and the sale were conducted in pursuance of the statute. It is clear that the defendant can justify the entry in but one way, namely, proof of title. His difficulty here, arises from the equivocal nature of the property concerned, and the consequent

uncertainty and self-contradiction of the municipal authorities in reference to the tax.

The building, it appears by the case reported, was in two parts, one occupied by a tenant, the other unoccupied. It was constructed by the plaintiffs; and is, in certain conditions, their property; but it is placed, by license, on land in Lawrence belonging to the Essex Company. The plaintiffs reside at Manchester in the state of New Hampshire. The property was assessed to the plaintiff, Flanders, by name, as the real estate of a non-resident; and was advertised as such, on the tax not having been duly paid. Subsequently, however, the collector changed his views in this respect, and proceeded to seize and sell the building as personal estate; and thus it came into the hands of the defendant. Was the property here to be considered as real estate for the purpose of taxation, or as personal? The language of the statute would seem to make it the former. " Real estate," it says, " shall, for the purposes of taxation, be construed to include all lands within the state, and all buildings and other things erected on or affixed to the same." Rev. Sts. *c.* 7, § 2. In the case of such property, if there be division of interests as between landlord and tenant, the statute provides the remedy. Rev. Sts. *c.* 7, § 8. But there is no power in the collector to divide the property, to levy on the building severed from the land, as divisible parts of the same piece of real estate.

On the other hand, certain it is, that such property is, or may be, personal estate, at least between the landlord and the ground tenant, if they so agree. *Marcy* v. *Darling*, 8 Pick. 283. However this may be, it was necessary for the town assessors, in the first place, to elect which of the two constructions to adopt. They chose to consider it non-resident real estate, and that election drew after it the necessary consequence of dealing with it as real estate, throughout all the process of the collection of the tax. Instead of which, in the sale, the assumed premises of the tax were abandoned, and it was put up as personal estate. If it was personal estate, then it was not taxable in Lawrence. *Personalia personam sequuntur.* As personalty, it was taxable in Manchester,

where the proprietor of it resided. It is no answer to this to say that the proprietor lived in another state. We tax a ship to the owner in Salem, although the ship never was at Salem; and it cannot be pretended that the assessors of Boston may assess there a ship which happens to be lying at the wharf, or even a bale of goods in store, when the ship or the goods are the property of a merchant of New York. The only exception to the rule is where the foreign owner of goods hires or occupies a store, shop, or wharf within the state. Rev. Sts. c. 7, § 10, cl. 1; *Huckins* v. *City of Boston*, 4 Cush. 543. But this exception is of no pertinency to the present case.

In fine, the property was sold as personal estate, though not assessed as such, and not susceptible of being so assessed to the plaintiffs; the sale was without law and a nullity; no title passed thereby to the defendant; his entry on the plaintiffs was tortious, and there must be judgment against the defendant for the amount of damages agreed in the case.

*Judgment for the plaintiffs.*